UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| In re:<br><br>Albert James Gonzalez, Jr.<br>Angel Lynnee Lennon Gonzalez,<br>    Debtors.<br><br><br>JPMORGAN CHASE BANK, N.A., its<br>assignees and/or successors in interest,<br>    Movant<br><br>vs.<br><br>Albert James Gonzalez, Jr.<br>Angel Lynnee Lennon Gonzalez,<br>    Debtors,<br>and<br>MARC H. BAER,<br> Chapter 7 Trustee,<br><br>    Respondent(s). | Case No.: 11-18233-RAG<br><br>Chapter 7 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

      COMES NOW JPMorgan Chase Bank, N.A., its assignees and/or successors in interest ("Movant"), Movant herein, by and through its counsel of record, Randa S. Azzam, and hereby moves this Honorable Court for an Order granting relief from the automatic stay to exercise its remedies under its Deed of Trust and Maryland law, including, but not limited to, foreclosure upon the sale of real property located at 5490 Cedar Lane, Unit A4, Columbia, MD 21044 ("Subject Property"), upon the following facts and circumstances and exhibits attached in support thereof:

      1.    This Court has jurisdiction over this matter pursuant to the United States Bankruptcy Code ("Code") Sections 1334 and 157. This Motion is a core proceeding arising under the Code.

      2.    On April 19, 2011, Albert James Gonzalez, Jr. and Angel Lynnee Lennon Gonzalez, ("Debtors"), filed a petition for relief under Chapter 7 of the Bankruptcy Code.

3. Upon information and belief, Movant is the noteholder and/or servicer of a note ("Note") secured by a duly perfected Deed of Trust dated September 1, 2005 on real property commonly known as 5490 Cedar Lane, Unit A4, Columbia, MD 21044 and legally described in the Deed of Trust.

4. Pursuant to the terms and conditions of the Note and Deed of Trust, the Debtors are to make regular monthly payments on the 1st day of each month until October 1, 2035, when the loan fully matures. A true and correct copy of the Note and Deed of Trust are attached hereto and incorporated herein by reference.

5. On or about June 1, 2010, a default occurred under the terms and conditions of the Note and Deed of Trust in that the Debtors have failed to make the monthly payment that then became due. The Debtors have failed to make all subsequent payments to Movant.

6. With respect to Movant's Note, the following is due and owing:

| | | |
|---|---|---:|
| A. | Principal Balance | $99,989.10 |
| B. | Debtors are contractually due for June 1, 2010 | |
| | 5 monthly payments (06/01/10-10/01/10) @ $943.30/month | $4,716.50 |
| | 9 monthly payments (11/01/10-07/01/11) @ $845.61/month | 7,610.49 |
| | Accrued Late Charges | 262.08 |
| | Bankruptcy Fees and Costs - Motion For Relief | 800.00 |
| | Total | $13,389.07 |

7. According to Schedule "D" of the Debtors, there is a second deed of trust on the Subject Property in the amount of $21,756.34

8. According to Schedule "D" of the Debtors, the value of the Subject Property is $132,500.00.

9. The Chapter 7 Trustee filed a report of no distribution on June 14, 2011.

10. There is little or no equity in the Subject Property in that, in the event of a forced sale, the Debtors would have little if any equity remaining after the payment of the Secured Creditor's secured claim, the deduction of the costs of sale, the payment of any subordinate lienholders, and the exceptions (if any) of the Debtors. The Movant contends, therefore, that the Movant's interest in the Subject Property is not adequately protected and that the Movant is entitled to relief from the stay pursuant to 11 U.S.C. § 362(a) and 11 U.S.C. § 362(d).

WHEREFORE, Movant prays for an Order as Follows:

1. Granting immediate relief from the automatic stay pursuant to 11 U.S.C. §362 for all purposes necessary under state law, including but not limited to foreclosure upon and sale of the Subject Property;

2. Following foreclosure, in the event that the Debtors fail(s) to deliver up possession of the Subject Property, permitting the purchaser to proceed with its remedies available under state law;

3. In the alternative, if immediate relief is not granted, granting Movant adequate protection;

4. For such other and further relief as is just and proper in this matter;

Dated: 07/20/11

Respectfully Submitted,

**/s/ RANDA S. AZZAM**
Randa S. Azzam
Bar No. 22474
Razzam@siwpc.com
Samuel I. White, P.C.
913 King Street
Alexandria, VA  22314
(703) 739-1070
Attorney for Movant

## CERTIFICATE OF SERVICE

      I hereby certify that on this July 20, 2011, I mailed a copy of the foregoing Motion for Relief from Automatic Stay and Notice of Motion for Relief from Stay and Notice of Hearing by first class mail, postage prepaid and/or electronically to the following:

Albert James Gonzalez, Jr.
Angel Lynnee Lennon Gonzalez
7108 Fox Harbor Way
Elkridge, MD  21075

Michael Steven Fried, Esquire
Air Rights Building
4550 Montgomery Avenue, Suite 710 North
Bethesda, MD 20814

Marc H. Baer
455 Main Street
Reisterstown, MD 21136

                                                  **/s/ RANDA S. AZZAM**
                                                  Randa S. Azzam